[No. 9629.    Department Two. — August 22, 1885.]

## JEAN LEDU, APPELLANT, v. JIM YET WA, RESPONDENT.

WATER RIGHTS — APPROPRIATION — STATUTE OF LIMITATIONS — EVIDENCE IN REBUT-TAL. — In an action to restrain the diversion of water, the plaintiff having shown a prior appropriation of the water right by himself, which the defendant attempts to defeat by the plea of the Statute of Limitations, should be permitted to show in rebuttal that the defendant before any bar of the statute could have attached had acknowledged his claim and sought to become his lessee of the water right

ID. — ADVERSE POSSESSION — INSTRUCTIONS. — Where the defendant has pleaded adverse possession in himself, it is error to instruct the jury "that if they believe that the plaintiff was the first to appropriate and use the waters in dispute, and that his appropriation and use thereof was prior to that of defendant and those under whom he claims adversely to the plaintiff, and that his possession was continuous, exclusive, and notorious, and that he has not parted with his right thereto or forfeited the same, they will find for the plaintiff," for the reason that the instruction would authorize the jury to find for the plaintiff without considering the defense of adverse possession.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The action was brought to restrain the diversion of water by the defendant from the plaintiff's ditches, and for damages. The jury rendered a verdict for the defendant. The remaining facts are stated in the opinion.

*J. I. Caldwell,* for Appellant.

*Cross & Simonds,* for Respondent.

FOOTE, C. — This was a case tried by a jury. The plaintiff claimed ownership of a certain water right, the defendant denied such ownership, and set up title thereto in his lessor under the Statute of Limitations. The plaintiff after the defendant closed his testimony in chief, took the stand as a witness, and the following question was asked him :—

"State whether Jim Yet Wa, defendant, came to see you in May, 1882, and if so, for what purpose, and what took place then?"

The defendant's counsel objected on the ground that the question sought to bring out evidence not in rebuttal, but in chief, and irrelevant. The court sustained the objection. Plaintiff's counsel then stated that he expected to prove and offered to prove by the witness that the defendant had sought him in May, 1882, and offered to lease the water right in question for the season, and that the parties differed as to the price to be paid for it, and the lease was not made. This was objected to and the objection sustained. The plaintiff's wife was then introduced and sworn as a witness and a similar question asked her. This was objected to and the objection sustained by the court because it was not in rebuttal. To these rulings of the court counsel for plaintiff duly excepted.

We are of opinion that the court erred in not allowing the questions to be answered, and the evidence offered to go to the jury; the plaintiff had shown a prior appropriation of the water right in himself; the defendant sought to defeat it by holding up the shield of the Statute of Limitations; it was, therefore, competent for the plaintiff as a matter of evidence, in order to meet this defense, to show if he could, that the defendant, before any bar of the statute could have attached, had acknowledged the claim of the plaintiff, and sought to become his lessee for the water right.

The court refused to give the third instruction asked for by the plaintiff, which was in the following language:—

"That if the jury believe from the evidence that plaintiff Jean Ledu was the first, in point of time, to appropriate and use the waters of Humbug Creek now in dispute, and that plaintiff's appropriation and use thereof was prior in time to that of defendant and those under whom he claims the same adversely to plaintiff, and that plaintiff has not parted with his right thereto or forfeited the same, the jury will find for the plaintiff"; and of its own motion gave the following:—

"That if the jury believe from the evidence that plaintiff Jean Ledu was the first, in point of time, to appropriate and use the waters of Humbug Creek now in dispute, and that plaintiff's appropriation and use thereof was prior in time to that of defendant and those under whom he claims the same adversely to plaintiff and all other persons, and that his possession was continuous, exclusive, and notorious, and that plaintiff has not parted with his right thereto, or forfeited the same, the jury will find for plaintiff."

The court did not err in refusing the instruction No. 3, asked by plaintiff. If given it would have taken from the jury the defense of adverse possession pleaded by defendant, upon which they should have passed in rendering a verdict for the plaintiff. In other words, the jury before it could find a verdict for the plaintiff must have decided the question of adverse possession against defendant. The instruction, if given, would have authorized the jury to find for the plaintiff without taking into consideration the defense of adverse possession. The instruction given by the court was erroneous for the same reason. The

jury were told that they might find a verdict if they chose without considering the defense above mentioned, set up by defendant.

We are, therefore, of opinion that the judgment and order denying a new trial should be reversed, and a new trial granted in accordance with the views herein expressed.

BELCHER, C. C., concurred.

SEARLS, C., did not participate in this decision.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for new trial.